IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES WORTHAM,

    Petitioner,                         No. CIV S-06-2639 LKK DAD P

    vs.

ROBERT A. HOREL, Warden,

    Respondent.                     FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Board of Parole Hearings' February 25, 2003 decision to deny him parole. On October 17, 2008, the undersigned ordered respondent to file and serve a response to the petition. On January 20, 2009, respondent filed the pending motion to dismiss, arguing that petitioner's amended petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that petitioner also failed to exhaust his state judicial remedies. Petitioner has not filed an opposition to the motion.[1]

---

[1] On March 13, 2009, the undersigned issued an order to show cause, ordering petitioner to file an opposition to respondent's motion to dismiss within twenty days and warning petitioner that failure to do so could "be deemed a waiver of any opposition to the granting of the motion." Petitioner has not complied with the court's order. Accordingly, dismissal pursuant to Federal Rule of Civil Procedure 41(b) would be justified.

1

# BACKGROUND

On February 25, 2003, the Board of Parole Hearings ("Board") found petitioner unsuitable for parole. (Am. Pet., Ex. A.) On July 17, 2005, petitioner filed a petition for writ of habeas corpus in the California Supreme Court challenging the Board's decision. (Resp't's Ex. 1.) On April 19, 2006, the California Supreme Court denied that petition. (Id.) On May 16, 2006, petitioner and thirty-one of his fellow inmates filed a petition for writ of habeas corpus in this court seeking relief on the grounds that the Board of Parole Hearings had denied them due process in connection with their parole hearings. Pursuant to court order, on or about December 22, 2006, petitioner filed the instant amended petition for writ of habeas corpus, challenging the Board of Parole Hearings' February 25, 2003, decision to deny him parole.

# RESPONDENT'S MOTION TO DISMISS

Respondent has filed a motion to dismiss arguing that petitioner's federal habeas petition is time-barred. Specifically, respondent argues that on February 25, 2003, the Board of Parole Hearings found petitioner unsuitable for parole. According to respondent, petitioner became aware of the factual predicate for his claims, and the statute of limitations began to run, on that same date. (Resp't's Mot. to Dismiss at 3-4.)

Respondent argues that petitioner's petition for writ of habeas corpus to the California Supreme Court would ordinarily toll the statute of limitations but that petitioner did not file his petition in that court until after the statute of limitations for filing a federal petition had expired. Accordingly, respondent concludes that petitioner is not entitled to statutory tolling and that his federal habeas petition is untimely by several years. (Resp't's Mot. to Dismiss at 4.)

Respondent also argues that petitioner failed to exhaust state judicial remedies as to the claims presented in his amended federal petition. Specifically, respondent argues that the California Supreme Court denied petitioner's claims, citing the decision in People v. Duvall, 9 Cal. 4th 464, 474 (1995). According to respondent where, as here, the California Supreme

/////

Court's habeas denial indicates the petition was procedurally deficient, the petitioner has failed to exhaust his state judicial remedies. (Resp't's Mot. to Dismiss at 5-7.)

**ANALYSIS**

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitation applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(D) & (d)(2)

The Ninth Circuit has determined that the one-year period of limitation set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the

3

judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted). See also Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003) (assuming without deciding that the AEDPA statute of limitations applies to collateral attacks on Parole Board decisions). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83. Under § 2244(d)(1)(D), the limitation period begins to run once "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

In this case, on February 25, 2003, the Board conducted a parole hearing and found petitioner unsuitable for parole. The Board's decision became final on May 26, 2003. (Am. Pet., Ex. A.) For purposes of federal habeas relief, the one-year statute of limitations began to run no later than May 27, 2003, the day after the Board's decision became final, and expired one year later on May 26, 2004. See Shelby, 391 F.3d at 1066 (limitation period began running day after petitioner received notice of denial of appeal); Redd, 343 F.3d at 1082 (same). Petitioner filed his original federal habeas petition in this court on May 16, 2006. Accordingly, the petition is untimely by nearly two years unless petitioner is entitled to statutory tolling of the statute of limitations.

"The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). A state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

Here, petitioner did not file his first state post-conviction challenge until July 17, 2005, more than a year after the statute of limitations governing the filing of a federal habeas

petition had expired. It is well established that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Fergusen v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, petitioner is not entitled to statutory tolling.

Under these circumstances, the court concludes that petitioner's federal petition for a writ of habeas corpus is time-barred. Respondent's motion to dismiss should therefore be granted, and petitioner's federal petition should be dismissed with prejudice.[2]

**CONCLUSION**

IT IS HEREBY RECOMMENDED that:

1. Respondent's January 20, 2009 motion to dismiss (Doc. No. 12) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 16, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
wort2639.157

---

[2] In light of the conclusion that petitioner's federal habeas petition is time-barred, the court need not address respondent's alternative argument that petitioner failed to exhaust his state judicial remedies.

5